## Richmond

ALVIN W. GREEN v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record No. 7722.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Jerry K. Emrich* (*Batchelor, Emrich & Burroughs,* on brief), for plaintiff in error.

*William P. Robinson, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

Alvin W. Green was indicted for unlawfully and feloniously managing, promoting and operating for money or other thing of value a lottery commonly known as the numbers game. On March 31 and April 1, 1970, a jury trial was had and Green was found guilty of the crime charged in the indictment. His punishment was fixed at eight months in jail and a fine of $500. On June 2, 1970, the trial court entered judgment in accordance with the jury's verdict. We granted a writ of error to that judgment.

The question presented in this appeal is whether the evidence is sufficient to support the jury's verdict.

On September 19, 1969, a special unit of the Arlington Police

Department commenced surveillance of Green and his activities. He was seen by Detective Spalding and Detective Hudgins at about 10:20 a.m. standing alone at the rear of a poolroom in the 2400 block of Shirlington Road writing on a pad. When he saw the officers, Green ran to the front of the poolroom and disappeared. On September 22, Green was again seen by Spalding near the poolroom talking with a group of men. Spalding testified that on September 23, he observed Green at about 9:00 a.m. near a barber shop located in the 2100 block of Shirlington Road. Green entered the barber shop and remained there a few minutes, but not long enough to get a hair cut. Upon leaving the barber shop, he drove back toward the poolroom. Later that afternoon, Spalding saw Green at the poolroom talking with some men. On September 24 and 25, at about 9:00 a.m. each day, Green was seen at the barber shop. He stayed a few minutes and then drove toward the poolroom.

A search warrant was obtained for Green's automobile. On September 26, Detective Spalding found Green and his automobile in front of the barber shop on Shirlington Road. Spalding noticed numbers written on Green's hand and immediately placed him under arrest for operating a lottery. At that time Green had $50.01 on his person. It consisted of two ten dollar bills, three fives, ten ones, sixteen quarters, four dimes, seven nickles, and twenty-six pennies. A search of Green's car produced several ball point pens, three pads and a piece of rice (water soluble) paper. The pads and rice paper were blank.

At police headquarters Green stated that the numbers on his hand were ones he played that morning. He also said he had hit number 806 in January for $19,000. An officer inquired whether that "[m]ade the office unhappy." Green said "[n]o" and then said, "I don't know."

The evidence in this case is circumstantial. We have often said that a conviction can be based on circumstantial evidence. But the circumstantial evidence must be such that all reasonable conclusions inconsistent with guilt are excluded. *Moss* v. *Commonwealth*, 211 Va. 729, 731, 180 S.E.2d 535, 537 (1971). We are of opinion that the evidence adduced against Green fails to exclude all reasonable conclusions inconsistent with guilt. Although the numbers written on Green's hand, the money found on him, the materials found in his car, his daily visits to the poolroom and barber shop, and his statement that he hit a number paying $19,000 may create a suspicion

that he was promoting a lottery, it does not prove it beyond a reasonable doubt. From this evidence it is just as reasonable to conclude that Green was merely playing the numbers as it is to conclude that he was conducting or promoting a numbers game.

The Commonwealth has cited several Virginia cases in support of its position that the evidence in this case is sufficient to uphold the conviction. Suffice it to say we have reviewed these cases and find that the evidence in each was stronger than the evidence presented in the case at bar.

The judgment appealed from is reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*